UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIE INSURANCE COMPANY,

                            Plaintiff,

vs.

FRANK MCKAY,
WILLIAM LANSBURY and
AMY MCKAY,

                            Defendants.

**AFFIRMATION OF STEVEN E. PEIPER IN SUPPORT OF ERIE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Case No.: 5:20-cv-01282-DNH-TWD

---

**STEVEN E. PEIPER**, an attorney licensed to practice in and before this Court, as well as the Courts of the State of New York, affirms the following under penalty of perjury:

1. I am an attorney licensed to practice in the State of New York, and am a Member of the law firm of HURWITZ & FINE, P.C., attorneys for Defendant, ERIE INSRUANCE COMPANY ("Erie"). As such, I am fully familiar with the facts and circumstances of this case.

2. This Affirmation is submitted in support of Plaintiff Erie's Motion for Summary Judgment pursuant to FRCP 56.

## PROCEDURAL HISTORY

3. The matter at bar has its origins in an August 12, 2018 boating accident that happened on Lake Owasco near Auburn, New York.

4. At the time of the incident, Defendants William Lansbury and Amy McKay were passengers on a 28-foot pontoon boat which was being operated by Defendant Frank McKay.

1

5. After Mr. Lansbury and Ms. McKay jumped from the vessel into the water, they were struck and sustained bodily injury.

6. On October 16, 2020, Plaintiff, Erie, commenced the instant lawsuit by way of Summons and Complaint filed in and for the United States District Court for the Northern District of New York. (*see* Docket No. 1).

7. On November 17, 2020, William Lansbury and Amy McKay interposed an Answer to Erie's Complaint and asserted a Counter-Claim against Erie seeking a judicial declaration that the Erie insurance policy provided coverage to Frank McKay. (*see* Docket No. 10).

8. On November 17, 2020, Frank McKay appeared in this action by way of an Answer. (*see* Docket No. 11).

9. On January 21, 2021, Erie filed its response and reply to the Counter-Claim previously filed and served by Defendants William Lansbury and Amy McKay. (*see* Docket No. 18).

## DEPOSITION HISTORY

10. On June 23, 2021, Brian Weber, as a fact witness employed by Erie Insurance Company, provided sworn testimony relative to the claim and the subsequent lawsuit. A true and accurate copy of Mr. Weber's deposition transcript is attached hereto and incorporated herein as **Exhibit "A"**.

11. On June 23, 2021, Keith Merkel, as a fact witness employed by Erie Insurance Company, provided sworn testimony relative to the claim and subsequent lawsuit. A true and accurate copy of Mr. Merkel's deposition transcript is attached hereto and incorporated herein as **Exhibit "B"**.

12. On July 24, 2021, William Lansbury, as a party to this action, provided sworn testimony relative to the incident involving himself and Ms. McKay. A true and accurate copy of Mr. Lansbury's deposition transcript is attached hereto and incorporated herein as **Exhibit "C"**.

13. On July 24, 2021, Amy McKay, as a party to this action, provided sworn testimony relative to the incident involving herself and Mr. Lansbury, as well as the ownership and maintenance of the 28-foot pontoon boat in question. A true and accurate copy of Ms. McKay's deposition transcript is attached hereto and incorporated herein as **Exhibit "D"**.

14. On July 24, 2021, Frank McKay, as a party to this action, provided sworn testimony relative to the incident involving William Lansbury and Amy McKay, the 28-foot pontoon boat in question and the information provided to Erie as part of its claims investigation and adjustment. A true and accurate copy of Mr. McKay's deposition transcript is attached hereto and incorporated herein as **Exhibit "E"**.

15. On September 23, 2021, Robin McKay provided sworn testimony relative to the incident involving William Lansbury and Amy McKay, the 28 foot pontoon boat in question and the information provided to Erie as part of its claims investigation and adjustment. A true and accurate copy of Ms. McKay's deposition transcript is attached hereto and incorporated herein as **Exhibit "F"**.

## **THE ERIE POLICY**

10. Erie was provided with initial notice of the incident of August 12, 2018 on or about August 21, 2018. Notice of the lawsuit was recorded contemporaneously in Erie's running claim log system. A true and accurate copy of Erie's claim notes, as verified at the depositions of Brian Weber and Keith Merkle, is attached hereto and incorporated herein as **Exhibit "G"**.

11. Frank and Robin McKay were insured under an ErieSecure Home Insurance Policy, bearing policy number Q55 6303717 NY, which was in effect from July 13, 2018 through July 13, 2019. That policy had a liability limit of $1,000,000. (*see* **Exhibit "H"**).

12. Importantly, however, the policy contained the following exclusion to coverage:

> 6. *"bodily injury," "property damage" or "personal injury" arising out of the ownership, maintenance or use of:*
>
> \*\*\*
>
> c. *watercraft:*
>    1) *owned by or frequently rented to "anyone we protect" if it has inboard or inboard-outdrive motor power of more than 75 horsepower;*
>    2) *owned by or frequently rented to "anyone we protect" if it is a sailing vessel 26 feet or more in length; or*
>    3) *powered by one or more outboard motors with more than 75 total horsepower owned by "anyone we protect" at the beginning of the policy period.*
>
> *However, if "anyone we protect" acquires watercraft, regardless of horsepower, coverage applies until liability coverage is obtained under*

4

> *another policy, but no later than the end of the policy period. If the watercraft is acquired within 60 days of the end of the policy period, "we" will provide coverage for a maximum of 60 days. 'We" have the right to charge "you" an additional premium.*
>
> *Exclusion 6.c. does not apply while the watercraft is stored on shore.*
>
> *Exclusion 6. does not apply to "bodily injury" or "personal injury" to any "residence employee" arising out of and in the course of employment by "anyone we protect."*
>
> *"We" do not cover liability arising out of the negligent entrustment of an "aircraft," motor vehicle or watercraft excluded in Exclusion 6.*
>
> *"We" also do not cover statutorily imposed vicarious parental liability for the actions of a child or minor using an "aircraft," motor vehicle or watercraft excluded in Exclusion 6.*

(*see* **Exhibit "H"**).

## THE RELEVANT INSURANCE CLAIM

13. On August 22, 2018, Mr. Brian Weber conducted an interview of Robin McKay as part of his routine investigation of the recently submitted claim. (*see* **Exhibit "G"**).

14. During the course of that discussion, Mr. Weber noted while Frank McKay was the operator of the pontoon boat in question at the time of the incident the boat was actually owned by Frank's brother, Michael McKay. (*see* **Exhibit "G"**).

15. On that basis, Mr. Weber determined that Erie had no basis to deny or disclaim coverage to Frank McKay relative to the events of August 12, 2018. (*see,* **Exhibit "A", pg. 28, ¶¶ 2-5**).

16. On or about January 27, 2020, Erie received and reviewed a letter of representation from counsel to William Lansbury and Amy McKay. A true and accurate copy of that letter, as produced by defendants in discovery, is attached hereto and incorporated herein as **Exhibit "I"**.

17. Upon receipt of the attorney representation letter, and at all times prior, Erie continued to believe that Michael McKay was the sole owner of the 28-foot pontoon boat. (*see* **Exhibit "G",** *see, also, gen.*, **Exhibits "A" & "B"**).

18. On May 29, 2020, Erie learned, for the first time, that the 28-foot pontoon boat was registered to both Frank and Michael McKay, jointly. (*see* **Exhibit "G"**, *see also*, **Exhibit "B", testimony of Keith Merkel**).

19. On June 2, 2020, Erie, through Keith Merkel, contacted Frank McKay to discuss his potential ownership in the pontoon boat. (*see* **Exhibit "G"**; *see also,* **Exhibit "B", testimony of Keith Merkel**).

20. On that same date, June 2, 2020, Erie requested that Frank McKay provide a copy of the title to boat. A true and accurate copy of the boat title as provided by Frank McKay is attached hereto and incorporated herein as **Exhibit "J"**.

21. On June 3, 2020, Erie retained a third-party investigator to inspect the boat to confirm its VIN, length and power sources. True and accurate copies of the investigation photos are attached hereto and incorporated herein as **Exhibit "K"**.

22. On June 5, 2020, Erie, through its employee Keith Merkel, reviewed an analyzed the information obtained from Frank McKay and compared the same with the contents of the policy of insurance Erie had previously issued to Frank and Robin McKay. (*see,* **Exhibit "H"**).

23.     Thereafter, on June 26, 2020, Erie formally denied and disclaimed any and all obligations to Frank McKay for any losses or damages arising from the events August 12, 2018.  A true and accurate copy of Erie's denial is attached hereto and incorporated herein as **Exhibit "L"**.

24.     As demonstrated more fully in plaintiff Erie's accompanying Rule 56.1 Statement of Facts, Memorandum of Law, and all pleadings and proceedings had before herein, it is submitted that Erie is entitled to a declaration that they have no coverage obligations to Frank McKay relative to the incident occurring on August 12, 2018 on or about Lake Owasco near Auburn, New York.

**WHEREFORE**, for these reasons, this Court must issue an Order granting the relief requested above, and for all such other and further relief as this Court seems just and proper.

DATED:     Buffalo, New York
           December 17, 2021

HURWITZ & FINE, P.C.

By _____
     Steven E. Peiper, Esq.
*Attorneys for Defendant,*
ERIE INSURANCE COMPANY
1300 Liberty Building
424 Main Street
Buffalo, New York  14202
(716) 849-8900
sep@hurwitzfine.com


To:     Jan M. Smolak, Esq.
        MICHAELS & SMOLAK, P.C.
        *Attorneys for Defendants*
        *AMY MCKAY and WILLIAMS LANSBURY*

17 East Genesee Street, Suite 401
Auburn, New York  13201
(315) 253-3293

Sanjeev Devabhakthuni, Esq.
BARCLAY DAMON, LLP
*Attorneys for Defendant*
*FRANK MCKAY*
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604